UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**Charles Pappas**,<br><br>                                    Debtor.<br>Donna Parris,<br>Plaintiff,<br><br>v.<br><br>Charles Pappas,<br>Defendant. | Chapter 13<br><br>Case No.: 18-20179<br><br><br><br>Adversary Proceeding No.: 18-02005 |

**ANSWER TO COMPLAINT TO DETERMINE THE NON-DISCHARGEABILITY OF A DEBT AND**
**TO OBJECT TO DISCHARGE OF DEBTOR**

Defendant, Charles Pappas answers as follows:

1. This is an adversary proceeding to determine the non-dischargeability of a debt and to object to a debtor's discharge.

    ANSWER: Defendant admits the allegations of Paragraph 1 but denies that there is a basis for the relief sought.

**JURISDICTION**

2. The Court has jurisdiction over this proceeding under 28 U.S.C. § 1334.[1]

    ANSWER: Defendant admits the allegations of Paragraph 2.

**CORE PROCEEDING**

3. This is a core proceeding under 28 U.S.C. § 157(b)(I) & (J).

    ANSWER: Defendant admits the allegations of Paragraph 3.

4. Defendant Charles Pappas is the debtor in this case (the "Debtor"), having filed a voluntary Chapter 13 bankruptcy petition on April 3, 2018.

   ANSWER: Defendant admits the allegations of Paragraph 4.

5. Plaintiff Donna Parris is a judgment-creditor of the Debtor.

   ANSWER: Defendant admits the allegations of Paragraph 5.

6. Parris and the Debtor are parties to a civil rights action (the "Civil Rights Action") filed by Parris in the United States District Court for the District of Connecticut, in which Parris alleged, among other things, that the Debtor and others violated Parris's rights under the Fair Housing Amendments Act, 42 U.S.C. §§ 3601 et seq. and that those violations caused her personal injury. The Civil Rights Action is captioned Parris v. Pappas, et al., 3:10-CV-1128(WWE).

   ANSWER: Defendant admits the allegations of Paragraph 6, but Defendant denies a personal injury occurred.

7. On January 4, 2012, the District Court (Fitzsimmons, M.J.) entered a ruling (the "Recommended Ruling"), in which the District Court recommended that Parris be awarded $112,407 in compensatory damages and $150,000 in punitive damages, for a total damages award of $262,407. In its Recommended Ruling, the District Court found that the Debtor acted willfully, maliciously, and with reckless disregard for Parris's civil rights.

   ANSWER: Defendant states that the referenced document speaks for itself and he therefore neither admits nor denies same.

8. A true and correct copy of the Recommended Ruling is attached as Exhibit A.

   ANSWER: Defendant has insufficient information to admit or deny the allegations of Paragraph 8 and therefore admits nor denies same and demands proof thereof.

9. On January 4, 2012, the District Court entered a ruling that Parris was entitled to attorneys' fees ("First Attorney Fee Award") in the amount of $87,392.50.

    ANSWER: Defendant states that the referenced document speaks for itself and he therefore neither admits nor denies same.

10. A true and correct copy of the First Fee Award is attached as Exhibit B.

    ANSWER: Defendant has insufficient information to admit or deny the allegations of Paragraph 10 and therefore admits nor denies same and demands proof thereof.

11. On February 2, 2012 Judge Eginton entered an order approving the recommend ruling.

    ANSWER: Defendant states that the referenced document speaks for itself and he therefore neither admits nor denies same.

12. A true and correct copy of the Order Approving the Recommended Ruling is attached as Exhibit C.

    ANSWER: Defendant has insufficient information to admit or deny the allegations of Paragraph 12 and therefore admits nor denies same and demands proof thereof.

13. A true and correct copy of the Judgment entered on February 10, 2012 is attached as Exhibit D.

    ANSWER: Defendant has insufficient information to admit or deny the allegations of Paragraph 13 and therefore admits nor denies same and demands proof thereof.

14. No party objected to the First Attorney Fee Award and it became final under 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. Proc. 6(a) and 72(a), and Rule 2 of the Connecticut Local Rules for United States Magistrate Judges..

    ANSWER: Defendant has insufficient information to admit or deny the allegations of Paragraph 12 and therefore admits nor denies same and demands proof thereof.

15. On August 6, 2012, in connection with the Sanctions Motion, the District Court ruled that Parris was entitled to attorneys' fees not previously awarded, in connection with her counsel's efforts to obtain a complete disclosure of assets, to prevent the dissipation of assets, and in post-judgment discovery (the "Second Attorney Fee Award"). The District Court ordered that Parris's counsel submit affidavits detailing the time spent on such efforts by September 1, 2012, and thereafter move for additional fees and costs every six months until collection on the Judgment was complete. Before Parris' counsel could file the affidavits as ordered, the Debtor filed his Chapter 7 bankruptcy petition in Connecticut.
    ANSWER:  Defendant has insufficient information to admit or deny the allegations of Paragraph 15 and therefore admits nor denies same and demands proof thereof.

16. A true and correct copy of the Second Attorney Fee Award is attached as Exhibit E.
    ANSWER:  Defendant has insufficient information to admit or deny the allegations of Paragraph 16 and therefore admits nor denies same and demands proof thereof.

17. On January 29, 2014, the Bankruptcy Court for the District of Connecticut determined that Debtor's debt to Parris was non-dischargeable under 11 U.S.C. § 523(a)(6) (the "Dischargeability Ruling"). The dischargeability action is captioned *Parris v. Pappas*, 12-AP-22099(ASD).
    ANSWER:  Defendant admits the allegations of Paragraph 17 but denies the applicability of said section to the dischargeability of a debt under Chapter 13.

18. A true and correct copy of the Dischargeability Memorandum Decision is attached as Exhibit F.

ANSWER: Defendant has insufficient information to admit or deny the allegations of Paragraph 18 and therefore admits nor denies same and demands proof thereof.

19. A true and correct copy of the Dischareability Judgment is attached as Exhibit G.

ANSWER: Defendant has insufficient information to admit or deny the allegations of Paragraph 19 and therefore admits nor denies same and demands proof thereof.

**FIRST COUNT: NON-DISCHARGEABILITY UNDER 11 U.S.C. § 1328(a)(4)**

20. Parris restates the allegations in paragraphs 1 through 18 of this complaint as if set forth fully herein.

    ANSWER: Defendant repeats and restates his answers to paragraphs 1 through 19 of this answer as if fully set forth herein.

21. Section 1328(a)(4) of Title 11 provides, in relevant part, that

    (a)… as soon as practicable after completion by the debtor of all payments under the plan, …the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
    ***
    (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.[2]

    ANSWER: Defendant states that the referenced statute speaks for itself and no response is required.

22. At present, the Debtor's debt (the "Debt") to Parris is partially unpaid and includes, but is not limited to, $262,407 associated with the Judgment, $87,392 associated with the First Attorney Fee Award, statutory interest, and unliquidated sums associated with the Second Attorney Fee Award and Bill of Costs.

    ANSWER: Defendant denies the allegations of Paragraph 22.

23. The Debt is not subject to discharge because it represents damages awarded in a civil

action to Parris for personal injury as a result of a willful and malicious injury by the

Debtor, and, is non-dischargeable under 11 U.S.C. § 1328(a)(4).

ANSWER:  Defendant denies the allegations of Paragraph 22.

WHEREFORE, Defendant prays that any and all relief sought be denied.

Dated at Auburn, Maine, this 19th day of July 2018.

/s/  Jeffrey P. White_____
Jeffrey P. White, Esq.
Jeffrey P. White and Associates, P.C.
243 Mt. Auburn Ave., S. B-1
Auburn, Maine 04210
Phone: (207) 689-2111

**CERTIFICATE OF SERVICE**

I, Jeffrey P. White, Esq., do hereby certify that I have this day caused notice of the within Answer to be given this 19th day of July 2017.

Notice will be electronically mailed to:

Office of the U.S. Trustee,
Andrew Dudley, Esq., Chapter 13 Trustee,
David Lavery, Esq.
Greg Kirschner, Esq.
Thomas A. Cox Esq.

and electronically to all others registered in the ECF system for this case.

/s/ Jeffrey P. White_____
Jeffrey P. White

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Donna Parris | Charles Pappas |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Connecticut Fair Housing Center<br>60 Popleluszko Court, Hartford, CT 06106<br>860-560-8948 | Jeffrey P. White and Associates, P.C.<br>243 Mount Auburn Ave, Suite B-1<br>207-689-2111 |

| PARTY (Check One Box Only)<br>o Debtor        o U.S. Trustee/Bankruptcy Admin<br>M Creditor    o Other<br>☐ Trustee | PARTY (Check One Box Only)<br>M Debtor        o U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    o Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**Exception to Discharge under 11 U.S.C. 1328(a)(4)**

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1)- Recovery of Money/Property**
o  11-Recovery of money/property - §542 turnover of property
o  12-Recovery of money/property - §547 preference
☐  13-Recovery of money/property - §548 fraudulent transfer
☐  14-Recovery of money/property - other

**FRBP 7001(2)- Validity, Priority or Extent of Lien**
☐  21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐  31-Approval of sale of property of estate and of a co-owner- §363(h)

**FRBP 7001(4)- Objection/Revocation of Discharge**
o  41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5)- Revocation of Confirmation**
☐  51-Revocation of confirmation

**FRBP 7001(6)- Dischargeability**
☐  66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐  62-Dischargeability - §523(a)(2). false pretenses, false representation, actual fraud
o  67-Dischargeability- §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6)- Dischargeability(continued)**
o  61-Dischargeability - §523(a)(5), domestic support
o  68-Dischargeability - §523(a)(6), willful and malicious injury
☐  63-Dischargeability - §523(a)(8), student loan
o  64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
    65-Dischargeability - other

**FRBP 7001(7)- Injunctive Relief**
o  71-Injunctive relief - imposition of stay
o  72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
o  81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
o  91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐  01-Determination of removed claim or cause

**Other**
o  SS-SIPA Case 15 U.S.C. §§78aaa *et.seq.*
o  02-Other (e.g. other actions that would have been brought in state court if not related to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | o Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
**Exception from discharge.**

B1040 **(FORM** 1040) **(12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>**Charles Pappas** | BANKRUPTCY CASE NO.<br>**18-20179** | | |
| DISTRICT IN WHICH CASE IS PENDING<br>**Maine** | DNISION OFFICE<br>**Portland** | | NAME OF JUDGE<br>**Fagone** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*{* | | | |
| DATE<br><br>**6/19/2018** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>**David Lavery** | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court ' s Case Management/Electro!liC Case Filing system (CM/ECF). (CM/ECF captures the information on Fom1 1040 as part of the filing process.) When , completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the infonnation to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the infom1ation contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is 1101 represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if kno wn.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney ofrecord in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign .