UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**Charles Pappas**,<br><br>Debtor.<br>Donna Parris,<br>Plaintiff,<br><br>v.<br><br>Charles Pappas,<br>Defendant. | Chapter 13<br><br>Case No.: 18-20179<br><br><br><br>Adversary Proceeding No.: 18-02005<br><br><br>September 13, 2018 |

**JOINT PRETRIAL STATEMENT / PRETRIAL ORDER**
**PROCEEDING TO DETERMINE DISCHARGEABILITY OF DEBT**

The parties to this proceeding submit the following Joint Pretrial Statement ("JPS") and agree that, upon the Court's endorsement, its terms shall govern pretrial proceedings.

I. <u>Pleadings</u>:

(a) The Debtor may file an amended answer within 28 days of endorsement of this order.

II. <u>Statement of Legal Issues</u>:

1. The Creditor has alleged that her debt is nondischargeable under 11 U.S.C. § 1328(a)(4).

2. The Debtor contends that the Creditor's injury is not a "personal injury" under 11 U.S.C. § 1328(a)(4).

3. The Debtor contends that the punitive damages entered in the underlying action are dischargeable under 11 U.S.C. § 1328(a)(4).

4. The Debtor contends that the attorney fees incurred by the Creditor in this and the underlying action are dischargeable under 11 U.S.C. § 1328(a)(4).

      5. The Debtor contends there is a question of whether there is a legal obligation to apply monies paid on the prepetition judgment in a specific order of priority and If so, is that order of priority (for example, compensatory first, punitive second and attorney fees last, or some other order of priority)?

III.    Statement of Anticipated Factual Issues:

    1. The Debtor contends that the amount of damages that are nondischargeable is a factual issue. The Parties agreed that the Court may determine the non-dischargeability of the debt's component parts, including compensatory damages, punitive damages, and attorneys' fees, on a categorical basis, rather than by amount.

    2. The Debtor contends that the amount paid on the judgment is a factual issue. The Creditor notes that she has filed a proof of claim.

    3. The Debtor contends that the application of funds to categories of damages is a factual issue.

IV.    Jurisdiction:

    (a) This is a core matter, in its entirety, on which the bankruptcy court will enter final judgment.

        1. Ms. Parris consents to entry of a final judgment under Fed. R. Bankr. Proc. 7008.

        2. The Debtor shall indicate whether he consents in his amended answer.

V.    Jury Trial:

    (a) No.

VI.    Disclosures:

    (a) No initial disclosures are required.

    (b) No experts are anticipated.

VII. <u>Discovery:</u>

    (a) The Creditor served Request for Admissions on July 26, 2018 regarding the authenticity of the documents annexed to the Complaint. The Debtor should respond in the time permitted under the Federal Rules of Bankruptcy and Civil Procedure.

    (b) The Debtor requests an updated breakdown on how much has been paid on the judgment from all sources and how it has been applied against the judgment. The Creditor objects to this request, and notes that she filed a proof of claim in this action.

    (c) Discovery shall be completed within 45 days from the endorsement of this order.

    (d) Discovery does not stay the filing of dipositive motions.

VIII. Initial pre-trial conference. A pre-trial conference should not be scheduled at this time. In the event the Court denies the Creditor's anticipated motion for judgment on the pleadings and/or summary judgment, the Court should set a pre-trial conference to enter an order for (1) additional discovery, if required, (2) stipulations, (3) joint pretrial memoranda, (4) exhibits, witnesses, and experts, (5) other pre-trial motions, (6) final pre-trial conference, and (7) alternative dispute resolution.

IX. Dispositive motions. All dispositive motions should be filed within 35 days of the close of discovery. The Debtor should have 21 days from service of such a motion to file a response, and the Creditor should have 7 days from service of a response to file a reply.

X. Compliance.  Failure to comply with the provisions of this order may result in the imposition of sanctions, monetary and non-monetary, including, without limitation, entry of an order denying the admission of exhibits, testimony of witnesses, or other appropriate sanctions where noncompliance has caused undue delay, expense and/or prejudice.

XI.   Notice. Upon endorsement of this order, counsel for each Party shall provide a copy of this order to their client.

Respectfully Submitted,

Donna Parris

By:   /s/ David Lavery
     Greg Kirschner (admitted *pro hac vice*)
     David Lavery (admitted *pro hac vice*)
     The Connecticut Fair Housing Center
     221 Main Street, 4th Floor
     Hartford, CT 06106
     Tel: (860) 263-0724
     Fax: (860) 247-4236
     E-mail: gkirschner@ctfairhousing.org;

Local Counsel:

/s/ Thomas A. Cox
Thomas A. Cox
P.O. Box 1314
Portland, Maine 04104
(207) 749-6671

Charles Pappas

By / s / Jeffrey P. White
     Jeffrey P. White
     Jeffrey P. White and Associates, P.C.
     243 Mt. Auburn Ave.
     Auburn, ME 04210
     (207) 689-2111
     jwhite@whitelawoffices.com

Date:   September 14, 2018

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine